## UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF CALIFORNIA
## CIVIL MINUTES

| | | | |
|---|---|---|---|
| **Case Title :** | Forest Lee Johnson and Deneice Renee Johnson | **Case No :** | 13–15341 – A – 13 |
| | | **Date :** | 9/12/13 |
| | | **Time :** | 09:00 |
| **Matter :** | [15] – Motion/Application to Value Collateral of Chase [GMA–2] Filed by Joint Debtor Deneice Renee Johnson, Debtor Forest Lee Johnson III (jrus) | | UNOPPOSED |
| **Judge :** | Fredrick E. Clement | | |
| **Courtroom Deputy :** | Gay Parker | | |
| **Reporter :** | Linda Gorman | | |
| **Department :** | A | | |

**APPEARANCES for :**
**Movant(s) :**
None
**Respondent(s) :**
None

Motion: Value Collateral [Real Property; Principal Residence]
Notice: LBR 9014–1(f)(1); written opposition required
Disposition: Granted
Order: Prepared by the moving party

Unopposed motions are subject to the rules of default. Fed. R. Civ. P. 55, incorporated by Fed. R. Bankr. P. 7055, 9014(c). Written opposition to this motion was required not less than 14 days before the hearing on this motion. LBR 9014–1(f)(1)(B). None has been filed. The default of the responding party is entered. The court considers the record, accepting well–pleaded facts as true. TeleVideo Sys., Inc. v. Heidenthal, 826 F.2d 915, 917 18 (9th Cir. 1987).

Chapter 13 debtors may strip off a wholly unsecured junior lien encumbering the debtor's principal residence. 11 U.S.C. §§ 506(a), 1322(b)(2); In re Lam, 211 B.R. 36, 40–42 (B.A.P. 9th Cir. 1997); In re Zimmer, 313 F.3d 1220, 1222 25 (9th Cir. 2002). A motion to value the debtor's principal residence should be granted upon a threefold showing by the moving party. First, the moving party must proceed by noticed motion. Fed. R. Bankr. P. 3012. Second, the motion must be served on the holder of the secured claim. Fed. R. Bankr. P. 3012, 9014(a); LBR 3015–1(j). Third, the moving party must prove by admissible evidence that the debt secured by liens senior to the responding party's claim exceeds the value of the principal residence. 11 U.S.C. § 506(a); Lam, 211 B.R. at 40–42; Zimmer, 313 F.3d at 1222 25.

The motion seeks to value real property collateral that is the moving party's principal residence. Because the amount owed to senior lien holders exceeds the value of the collateral, the responding party's claim is wholly unsecured and no portion will be allowed as a secured claim. See 11 U.S.C. § 506(a).